**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DOUGLAS M. ROSEBY, # F09350 *

Plaintiff *

v. * Civil Action Case No. AW-10-416

PAUL E. BUDLOW, et al. *

Defendants *

***

MEMORANDUM

This *Bivens*[1] action and motion to proceed in forma pauperis were filed pro se by Douglas M. Roseby, an inmate in the custody of the Bureau of Prisons. After due consideration, the court will grant the motion to proceed in forma pauperis for the purpose of preliminary review and deny and dismiss the complaint without prejudice.

**Background**

On January 11, 2010, Roseby was sentenced to 420 months incarceration after a jury convicted him of crack and heroin trafficking in violation of 21 U.S.C. § 21 U.S.C. § 841 and related offenses. *See United States v. Roseby*, Criminal Action No. JFM-09-178 (D. Md). Roseby's appeal is before the Fourth Circuit. *See United States v. Roseby*, CA4 10-4066.

Defendant Paul E. Budlow, Assistant United States Attorney, was the prosecuting attorney at Roseby's criminal trial. Roseby alleges that Budlow conspired with defense counsel Deborah L. Boardman to assure that he would not be "afforded all of my rights under the Bail

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Roseby submitted the complaint on a standard form for prisoner civil rights actions under 42 U.S.C. § 1983, allegations of civil rights violations by federal defendants are properly construed pursuant to *Bivens*.

Reform Act.[2] Complaint, p. 4. Roseby also alleges Boardman failed to explain his rights to him at his first detention hearing. Roseby requests damages of $1, 500,000 for lost wages and suffering and wants "[to] reverse the discrimination that was done to me to correct all violations and restore my 14th amendment rights and this illegal incarceration…." Complaint, p. 4, attachment.

**Standard of Review**

The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(l); 42 U.S.C. § 1997e(c). The standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Additionally, the court must dismiss a complaint where monetary relief is sought from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915 (e)(2)(B)(iii) and 1915A (b)(2) Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (noting that liberal construction Adoes not require [district] courts to conjure up questions never squarely presented to them.@). The case will be dismissed under this standard.

**Analysis**

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

---

[2] Plaintiff names only "Paul E. Budlow, et al." as a defendant. Mindful that Roseby is a pro se litigant in this proceeding, the court will also address his allegations against Deborah L. Boardman, Esq. The allegations presented here are related to those Roseby presents in other complaints. *See Roseby v. Paul E. Budlow, et al*., Civil Actions No. AW-10-414, 415, and 417 (D. Md).

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Civil actions, however, are not appropriate vehicles for challenging the validity of criminal judgments." *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002). In cases such as this where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been reversed on direct appeal, expunged by executive order, or called into question by issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[3] Roseby does not allege and there is no evidence that his conviction or sentence were declared invalid or otherwise impugned. His claims directly relate to the propriety of his criminal conviction; a ruling favorable to plaintiff in this civil action would vitiate the legality of his criminal conviction. Thus, Roseby's civil rights claims may not proceed under *Heck*.

Additionally, even if Roseby's claims were not barred under *Heck*, defendants would still be entitled to dismissal. Budlow, a federal prosecutor, is entitled to immunity from damages for prosecutorial activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). When acting within the scope of their duties, prosecutors have immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."

---

[3] *Heck v. Humphrey* is applicable in civil suits against federal officials. *See Messer v. Kelly*, 129 F.3d 1259 (4th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995); *Taverez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C. Cir., 1994).

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Roseby provides no evidence to support his bald claim that Budlow conspired with defense counsel or otherwise violated his rights. Prosecutorial immunity applies and Budlow is dismissible as a party defendant.

Boardman, an assistant federal public defender, does not act under color of state law, a jurisdictional prerequisite for any civil action brought under § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). Roseby may not maintain his claims against Boardman in this § 1983 proceeding.[4]

**Conclusion**

Roseby has failed to establish that his conviction has been reversed or otherwise impugned, and this action must be dismissed for failure to state a claim upon which relief may be granted. A separate order follows.

Date: March 8, 2010

/s/
Alexander Williams, Jr.
United States District Judge

[4] Typically claims of ineffective assistance of counsel are raised in a motion vacate, set-aside or correct pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. Plaintiff is cautioned to be mindful that a one-year limitations period applies to § 2255 motions in the event he intends to file for collateral relief. *See id.* Roseby was sent a § 2255 information packet in *Roseby v. Paul E. Budlow, et al.*, Civil Action No. AW-10-415 (D. Md).